IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| NOEL DeJESUS, # R-70712       ) | |
| )         | |
| Plaintiff,    ) | |
| ) | |
| vs.             ) | Case No. 15-cv-679-SMY |
| ) | |
| RICHARD HARRINGTON,      ) | |
| TERRY DOUGLAS,       ) | |
| OFFICER SNELL,        ) | |
| and TIMOTHY VEATH,       ) | |
| ) | |
| Defendants.    ) | |

# MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Plaintiff, currently incarcerated at Menard Correctional Center ("Menard"), has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. He seeks damages from all Defendants because he was held in punitive segregation for over nine months, as punishment for a disciplinary ticket that was later expunged. Plaintiff is serving a 50-year sentence for murder, as well as additional 12-year and six-year sentences for attempted murder. This case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A.

According to the complaint, on June 5, 2013, correctional officers conducted a shakedown search of all the cells on Plaintiff's gallery (Doc. 1, p. 5). Defendant Officers Douglas and Snell ordered Plaintiff and his cellmate (Jones) to pack up their personal property because they were going to segregation. The officers told Plaintiff that a homemade weapon (a 3-1/2 inch long piece of sharpened steel) had been found in the cell door track. However, Defendants Douglas and Snell refused to show Plaintiff the object, and did not have anything in their hands. The officers also failed to give Plaintiff a shakedown slip to document the weapon

that was allegedly discovered in his cell.

Plaintiff and his cellmate were both placed in segregation. Plaintiff was charged with violating two rules: 308-Contraband/unauthorized property, and 104-Dangerous contraband. His disciplinary ticket was heard on June 11, 2013, before an Adjustment Committee chaired by Defendant Veath. Plaintiff pled not guilty, and asked to see the evidence against him (the weapon), but Defendant Veath denied the request. He found Plaintiff guilty based on the report by Defendants Douglas and Snell. He recommended punishment of one year in segregation, as well as a year of C-Grade status and commissary restriction. This action was approved by Defendant Warden Harrington (Doc. 1, p. 12).

Also on or about June 11, Plaintiff learned that his cellmate had been released from segregation. On June 17, 2013, Plaintiff filed a grievance complaining that he had been wrongfully punished with segregation and targeted for no apparent reason, because his cellmate was not punished. This grievance was denied, and the denial was approved by Defendant Harrington.

Plaintiff appealed the denial of his grievance, noting that his cell had been shaken down on both June 3 and June 4 by various correctional officers. On those days, the officers checked the cell door track and found nothing; but they claimed to have found the weapon in that spot on June 5 (Doc. 1, p. 13). On March 11, 2014, the Administrative Review Board ruled that Plaintiff's disciplinary report and punishment should be expunged (Doc. 1, pp. 17-18). By that time, however, Plaintiff had already served over nine months out of the one-year term of segregation that had been imposed on him.

Plaintiff now seeks compensatory and punitive damages against Defendants Douglas, Snell, Veath, and Harrington (Doc. 1, pp. 8-9).

**Merits Review Pursuant to 28 U.S.C. § 1915A**

Under § 1915A, the Court is required to conduct a prompt threshold review of the complaint, and to dismiss any claims that are frivolous, malicious, fail to state a claim on which relief may be granted, or seek monetary relief from an immune defendant.

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Frivolousness is an objective standard that refers to a claim that "no reasonable person could suppose to have any merit." *Lee v. Clinton*, 209 F.3d 1025, 1026-27 (7th Cir. 2000). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The claim of entitlement to relief must cross "the line between possibility and plausibility." *Id*. at 557. Conversely, a complaint is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although the Court is obligated to accept factual allegations as true, *see Smith v. Peters*, 631 F.3d 418, 419 (7th Cir. 2011), some factual allegations may be so sketchy or implausible that they fail to provide sufficient notice of a plaintiff's claim. *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009). Additionally, Courts "should not accept as adequate abstract recitations of the elements of a cause of action or conclusory legal statements." *Id*. At the same time, however, the factual allegations of a pro se complaint are to be liberally construed. *See Arnett v. Webster*, 658 F.3d 742, 751 (7th Cir. 2011); *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

After fully considering the allegations in Plaintiff's complaint, the Court concludes that it fails to state a claim upon which relief may be granted. The complaint (Doc. 1) shall thus be

dismissed without prejudice. However, Plaintiff shall be allowed an opportunity to submit an amended complaint, if he believes that facts exist to support a constitutional claim. If the amended complaint still fails to state a claim, or if Plaintiff does not submit an amended complaint, the entire case shall be dismissed with prejudice, and the dismissal shall count as a strike pursuant to § 1915(g). The amended complaint shall be subject to review under § 1915A.

**Deprivation of a Liberty Interest Without Due Process**

The essence of Plaintiff's claim is that because of the actions of the Defendants, he was required to serve over nine months confinement in disciplinary segregation on charges that were ultimately expunged. The fact that the charges and punishment were erased from Plaintiff's record indicates that Plaintiff received due process in the end, but not in time to save him from serving the majority of the segregation term. Nonetheless, the facts contained in the complaint do not support a constitutional claim upon which relief may be granted.

Under certain limited circumstances, an inmate punished with segregation may be able to pursue a claim for deprivation of a liberty interest without due process of law. *See Marion v. Columbia Corr. Inst.*, 559 F.3d 693, 697-98 (7th Cir. 2009). The initial inquiry is whether Plaintiff was denied procedural due process in the conduct of his disciplinary hearing. *See Wolff v. McDonnell*, 418 U.S. 539, 563-69 (1974) (to satisfy due process concerns, inmate must be given advance written notice of the charge, the right to appear before the hearing panel, the right to call witnesses if prison safety allows, and a written statement of the reasons for the discipline imposed). Further, the disciplinary decision must be supported by "some evidence." *Black v. Lane*, 22 F.3d 1395, 1402 (7th Cir. 1994).

Here, Plaintiff complains that he was not permitted to see all the evidence against him, because he was never shown the homemade knife that was allegedly found in his cell. Material

exculpatory evidence must be disclosed in a prison disciplinary proceeding if the inmate timely requests it, *Piggie v. McBride*, 277 F.3d 922, 925 (7th Cir. 2002), unless the evidence would "unduly threaten institutional concerns," *Jones v. Cross*, 637 F.3d 841, 847 (7th Cir. 2011) (citation and quotation marks omitted). Evidence is exculpatory if it undermines or contradicts the finding of guilt. *Jones*, 637 F.3d at 848; *Scruggs v. Jordan*, 485 F.3d 934, 941 (7th Cir. 2007). Evidence is material if disclosing it creates a "reasonable probability" of a different result. *Toliver v. McCaughtry*, 539 F.3d 766, 780-81 (7th Cir. 2008). In Plaintiff's case, production of the knife would not have undermined or contradicted a guilty finding, because its presence at the hearing would not have proved or disproved Plaintiff's alleged possession of it in his cell. On the contrary, the failure to introduce the weapon at the disciplinary hearing might have called his guilt into question, in that its absence could suggest that it did not in fact exist. Likewise, the introduction of the knife would not have led to a reasonable probability of a different result in the adjustment hearing. In consideration of these factors, the Court cannot conclude that Plaintiff's procedural due process rights were violated by the failure to show him the knife allegedly found in his cell. However, the failure to produce this piece of physical evidence raises the question of whether Defendant Veath's guilty finding had evidentiary support.

There was "some evidence" to support the finding of Plaintiff's guilt – the statements of the officers who allegedly found the knife. Even a meager amount of supporting evidence is sufficient to satisfy this due process inquiry. *Scruggs v. Jordan*, 485 F.3d 934, 941 (7th Cir. 2007). Additionally, when cellmates have equal access to the area in a cell where contraband is found, a disciplinary fact-finder may conclude that both prisoners in the cell had constructive possession of the contraband. *See Hamilton v. O'Leary*, 976 F.2d 341, 345 (7th Cir. 1992). In

Plaintiff's case, however, there appears to have been no rational basis for him to be punished when his cellmate was not sanctioned. This could arguably amount to a constitutional violation.

Assuming that the handling of Plaintiff's disciplinary charges violated his constitutional rights, Plaintiff has other hurdles before he may sustain a claim that he was deprived of a protected liberty interest. An inmate has a due process liberty interest in being in the general prison population only if the conditions of his or her disciplinary confinement impose "atypical and significant hardship[s] . . . in relation to the ordinary incidents of prison life." *Sandin v. Conner*, 515 U.S. 472, 484 (1995); *see also Wagner v. Hanks*, 128 F.3d 1173, 1175 (7th Cir. 1997) (in light of *Sandin*, "the right to litigate disciplinary confinements has become vanishingly small"). For prisoners whose punishment includes being put in disciplinary segregation, under *Sandin*, "the key comparison is between disciplinary segregation and nondisciplinary segregation rather than between disciplinary segregation and the general prison population." *Wagner*, 128 F.3d at 1175.

The Seventh Circuit has elaborated two elements for determining whether disciplinary segregation conditions impose atypical and significant hardships: "the combined import of the duration of the segregative confinement *and* the conditions endured by the prisoner during that period." *Marion v. Columbia Corr. Inst.*, 559 F.3d 693, 697-98 (7th Cir. 2009) (emphasis in original). The first prong of this two-part analysis focuses solely on the duration of disciplinary segregation. For relatively short periods of disciplinary segregation, inquiry into specific conditions of confinement is unnecessary. *See Lekas v. Briley*, 405 F.3d 602, 612 (7th Cir. 2005) (56 days); *Thomas v. Ramos*, 130 F.3d 754, 761 (7th Cir. 1997) (70 days) ("a relatively short period when one considers his 12 year prison sentence"). In these cases, the short duration of the disciplinary segregation forecloses any due process liberty interest regardless of the conditions.

*See Marion*, 559 F.3d at 698 ("we have affirmed dismissal without requiring a factual inquiry into the conditions of confinement").

In Plaintiff's case, he was confined in segregation for over nine months – which is long enough to trigger an inquiry into the conditions of that confinement. In the context of Plaintiff's total sentence of over 50 years, however, even a nine-month period of disciplinary segregation may not violate due process. *See Marion*, 559 F.3d at 697-98.

Plaintiff's complaint is silent regarding the conditions of his confinement in disciplinary segregation, and how they may have differed from the conditions prevailing in administrative segregation. *See Wagner v. Hanks*, 128 F.3d 1173, 1175 (7th Cir. 1997). Without more facts, the Court is unable to discern whether Plaintiff might have a colorable claim for deprivation of a liberty interest without due process. For this reason, Plaintiff shall be allowed an opportunity to amend his complaint.

**Pending Motion**

Plaintiff has filed a motion for recruitment of counsel (Doc. 3). The dismissal of the complaint without prejudice raises the question of whether Plaintiff is capable of drafting a viable amended complaint without the assistance of counsel.

There is no constitutional or statutory right to counsel in federal civil cases. *Romanelli v. Suliene*, 615 F.3d 847, 851 (7th Cir. 2010); *see also Johnson v. Doughty*, 433 F.3d 1001, 1006 (7th Cir. 2006). Nevertheless, the district court has discretion under 28 U.S.C. § 1915(e)(1) to recruit counsel for an indigent litigant. *Ray v. Wexford Health Sources, Inc.*, 706 F.3d 864, 866–67 (7th Cir. 2013).

When a *pro se* litigant submits a request for assistance of counsel, the Court must first consider whether the indigent plaintiff has made reasonable attempts to secure counsel on his

own. *Navejar v. Iyiola*, 718 F.3d 692, 696 (7th Cir. 2013) (citing *Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007)). If so, the Court must examine "whether the difficulty of the case—factually and legally—exceeds the particular plaintiff's capacity as a layperson to coherently present it." *Navejar*, 718 F.3d at 696 (quoting *Pruitt*, 503 F.3d at 655). "The question . . . is whether the plaintiff appears competent to litigate his own claims, given their degree of difficulty, and this includes the tasks that normally attend litigation: evidence gathering, preparing and responding to motions and other court filings, and trial." *Pruitt*, 503 F.3d at 655. The Court also considers such factors as the plaintiff's "literacy, communication skills, education level, and litigation experience." *Id*.

Plaintiff's motion does not indicate that he has made any efforts to secure counsel; rather, he merely says that he has no funds to pay a lawyer (Doc. 3, p. 2). In the absence of any information, the Court cannot conclude that Plaintiff has made reasonable efforts to obtain counsel.

As to the second inquiry, Plaintiff reveals that he has a limited education, only "some high school." Nonetheless, the complaint and attached documents reflect that Plaintiff is articulate and capable of stating the relevant facts and his legal claims. At this juncture, the Court is merely concerned with whether this action can get out of the gate, so to speak, and all that is required is that Plaintiff include more factual content regarding the conditions of his confinement in segregation. Plaintiff alone has knowledge of these facts, and no legal training or knowledge (or access to law library time) is required to set them down on paper. Therefore, the recruitment of counsel is not warranted at this time and the motion (Doc. 3) is **DENIED** without prejudice. The Court will remain open to appointing counsel as the case progresses.

**Disposition**

The Complaint (Doc. 1) is **DISMISSED** without prejudice for failure to state a claim upon which relief may be granted.

**IT IS FURTHER ORDERED** that, should he wish to proceed with this case, Plaintiff shall file his First Amended Complaint within 35 days of the entry of this order (on or before August 31, 2015). It is strongly recommended that Plaintiff use the form designed for use in this District for civil rights actions. He should label the pleading "First Amended Complaint" and include Case Number 15-cv-679-SMY. Plaintiff shall specify, by name, each Defendant alleged to be liable, as well as the actions alleged to have been taken by that Defendant. New individual Defendants may be added if they were personally involved in the constitutional violations. Plaintiff should attempt to include the facts of his case in chronological order, inserting Defendants' names where necessary to identify the actors and the dates of any material acts or omissions.

An amended complaint supersedes and replaces the original complaint, rendering the original complaint void. *See Flannery v. Recording Indus. Ass'n of Am.*, 354 F.3d 632, 638 n.1 (7th Cir. 2004). The Court will not accept piecemeal amendments to the original complaint. Thus, the First Amended Complaint must contain all the relevant allegations in support of Plaintiff's claims and must stand on its own, without reference to any other pleading. Should the First Amended Complaint not conform to these requirements, it shall be stricken. Plaintiff must also re-file any exhibits he wishes the Court to consider along with the First Amended Complaint. Failure to file an amended complaint shall result in the dismissal of this action with prejudice. Such dismissal shall count as one of Plaintiff's three allotted "strikes" within the meaning of 28 U.S.C. § 1915(g).

No service shall be ordered on any Defendant until after the Court completes its § 1915A review of the First Amended Complaint.

In order to assist Plaintiff in preparing his amended complaint, the Clerk is **DIRECTED** to mail Plaintiff a blank civil rights complaint form.

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. See FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: July 27, 2015**

                                                            **s/ STACI M. YANDLE**
                                                            **United States District Judge**