IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **NOEL DeJESUS, # R-70712**,  ) | |
| ) | |
| **Plaintiff,**  ) | |
| ) | |
| vs.  ) | Case No. 15-cv-679-SMY |
| ) | |
| **RICHARD HARRINGTON,**  ) | |
| **TERRY DOUGLAS, OFFICER SNELL,**  ) | |
| **TIMOTHY VEATH, MAJ. MOORE,**  ) | |
| **MAJ. HASOMEYER,**  ) | |
| **OFFICER KRAUSE,**  ) | |
| **OFFICER ANDERSON,**  ) | |
| **and OFFICER BEBOUT,**  ) | |
| ) | |
| **Defendants.**  ) | |

## MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Plaintiff is an inmate at Menard Correctional Center ("Menard"). This matter is before the Court for a preliminary review of Plaintiff's First Amended Complaint (Doc. 10) timely filed on August 28, 2015, at the direction of the Court. Previously, the undersigned dismissed the original civil rights complaint pursuant to 28 U.S.C. § 1915A for failure to state a claim upon which relief may be granted and allowed Plaintiff to re-plead his claims. After fully considering the allegations in Plaintiff's new pleading and accepting all factual statements as true, the Court concludes that the amended complaint also fails to state a constitutional claim upon which relief may be granted. Accordingly, this action is subject to summary dismissal.

### The First Amended Complaint (Doc. 10)

On June 5, 2013, Defendant Officers Douglas, Snell, Anderson and Krause searched Plaintiff's cell and claimed to have found a shank hidden in the cell door track (Doc. 10, p. 6).

Plaintiff insists this "find" was fabricated because his cell had been similarly searched during each of the two days preceding the June 5 search – and nothing had been found. Plaintiff and his cellmate were taken to segregation.

Defendant Officer Bebout (of Internal Affairs) questioned Plaintiff about the incident and read him his rights. Defendant Major Hasomeyer was the shift supervisor who signed off on Plaintiff's temporary confinement in segregation (Doc. 10, p. 7). Defendant Major Moore signed as the receiving officer.

Plaintiff was found guilty of two disciplinary charges: possession of contraband/unauthorized property and possession of dangerous contraband. He was punished with one year in segregation. Ultimately, on March 11, 2014, the disciplinary action and punishment were expunged from his record as a result of Plaintiff's grievance claiming that the disciplinary charges were false. However, Plaintiff had already served 303 days in segregation by that time. He was held for another 19 days in segregation after the ticket was expunged.

According to the amended complaint, during the first 16 days of Plaintiff's confinement in punitive segregation, he was not given any soap or toothpaste. He also lacked access to any writing paper or writing utensils which caused him to "almost" miss an opportunity to file an appeal in court. Further, his segregation cell "did not have proper circulatory ventilation" (Doc. 10, p. 7). Plaintiff seeks compensatory and punitive damages from several of the Defendants (Doc. 10, p. 8).

## Merits Review Pursuant to 28 U.S.C. § 1915A

Under § 1915A, the Court is required to dismiss any claims that are frivolous, malicious, fail to state a claim on which relief may be granted, or seek monetary relief from an immune defendant. The Court previously determined that Plaintiff's original complaint failed to state a

claim for deprivation of a liberty interest without due process for his nine-month confinement in punitive segregation as a result of the disciplinary action that was expunged. The disciplinary hearing that led to Plaintiff's "conviction" appeared to have met the due process requirement despite the failure to produce the weapon allegedly found in Plaintiff's cell. Further, the allegations did not reveal any violations of the due process provisions outlined in *Wolff v. McDonnell*, 418 U.S. 539, 563-69 (1974).

However, allowing for the possibility that the disciplinary proceedings did not comport with due process requirements, the Court permitted Plaintiff to re-plead his claim in order to answer the question of whether the conditions of his disciplinary confinement in segregation imposed "atypical and significant hardship[s] . . . in relation to the ordinary incidents of prison life." *Sandin v. Conner*, 515 U.S. 472, 484 (1995). The First Amended Complaint addresses this matter, but the conditions Plaintiff describes do not rise to the level of a constitutional violation.

Out of the 303 days Plaintiff served in disciplinary segregation, he spent 16 days without soap or toothpaste. While it may be unpleasant to do without those hygiene items, Plaintiff's deprivation lasted only a short time. Further, he does not allege that he lacked running water, a toothbrush, a washcloth or towel or that he was unable to maintain a basic level of cleanliness during the time before he received soap and toothpaste. *See Harris v. Fleming*, 839 F.2d 1232, 1234-5 (7th Cir. 1988) (prisoner who was kept in filthy cell, denied toilet paper for five days, and had no soap, toothbrush, or toothpaste for ten days, stated no constitutional claim where he suffered no physical harm).

The other health-related complaint Plaintiff raises is the lack of "proper circulatory ventilation" in the segregation cell (Doc. 10, p. 7). Plaintiff does not elaborate further and does not claim to have suffered any adverse health effects or complications as a result of the allegedly

poor ventilation. Thus, the Court cannot conclude that this condition was anything more than an unpleasant inconvenience. *See Board v. Farnham*, 394 F.3d 469, 486-87 (7th Cir. 2005) (prisoners have a right to adequate and healthy ventilation); *Dixon v. Godinez*, 114 F.3d 640, 645 (7th Cir. 1997) (poor ventilation does not violate a prisoner's constitutional rights absent medical or scientific proof that the conditions exposed the inmate to diseases or respiratory problems which he would not otherwise have suffered) (quoting *Farmer v. Brennan*, 511 U.S. 825, 833-34 (1994)). The amended complaint does not suggest that the conditions of Plaintiff's segregation imposed an atypical or significant hardship on him, beyond what he would have experienced in administrative segregation.

Plaintiff also complains that he was not given proper writing utensils and had no writing paper during his first 16 days in segregation. Due to the temporary lack of these materials, Plaintiff "almost" missed a court deadline, but was apparently able to file a timely appeal (Doc. 10, p. 7). These circumstances likewise do not amount to an atypical or significant hardship and do not support a claim for deprivation of a liberty interest without due process. Further, Plaintiff's near-miss of a court filing deadline does not give rise to a claim for denial of access to the courts, because he does not describe any actual prejudice to his ability to pursue the appeal. *See Ortiz v. Downey*, 561 F.3d 664, 671 (7th Cir. 2009) (to state a claim for denial of access to the courts, there must be a "connection between the alleged denial of access to legal materials and an inability to pursue a legitimate challenge to a conviction, sentence, or prison conditions").

Here, Plaintiff experienced only a short-term deprivation of some hygiene items and legal materials while he was in disciplinary segregation. Those problems were remedied after 16 days. These conditions were not sufficiently serious or lengthy to support a constitutional claim that Plaintiff was deprived of a liberty interest without due process. *See Sandin v. Conner*, 515 U.S.

472, 484 (1995); *Marion v. Columbia Corr. Inst.*, 559 F.3d 693, 697-98 (7th Cir. 2009); *Wagner v. Hanks*, 128 F.3d 1173, 1175 (7th Cir. 1997).  The ventilation problem appears to have continued for a longer period of time, but Plaintiff's brief and conclusory statement regarding that condition does not indicate that it amounted to an unconstitutionally atypical or significant hardship.  As such, the First Amended Complaint fails to state a claim upon which relief may be granted and this case shall be dismissed pursuant to § 1915A.

### Pending Motion

Because this action shall be dismissed, Plaintiff's motion for recruitment of counsel (Doc. 3) is **DENIED AS MOOT**.

### Disposition

For the reasons stated above, this action is **DISMISSED with prejudice** for failure to state a claim upon which relief may be granted.

Plaintiff is **ADVISED** that this dismissal shall count as one of his three allotted "strikes" under the provisions of 28 U.S.C. § 1915(g).  Plaintiff's obligation to pay the filing fee for this action was incurred at the time the action was filed, thus the filing fee of $350.00 remains due and payable.  *See* 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

If Plaintiff wishes to appeal this dismissal, his notice of appeal must be filed with this Court within thirty days of the entry of judgment.  FED. R. APP. P. 4(a)(1)(A).  A motion for leave to appeal *in forma pauperis* should set forth the issues Plaintiff plans to present on appeal.  *See* FED. R. APP. P. 24(a)(1)(C).  If Plaintiff does choose to appeal, he will be liable for the $505.00 appellate filing fee irrespective of the outcome of the appeal.  *See* FED. R. APP. P. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-26 (7th Cir. 2008); *Sloan v. Lesza*, 181 F.3d 857, 858-59 (7th Cir. 1999); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir.

1998).  Moreover, if the appeal is found to be nonmeritorious, Plaintiff may also incur another "strike."  A proper and timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 30-day appeal deadline.  FED. R. APP. P. 4(a)(4).  A Rule 59(e) motion must be filed no more than twenty-eight (28) days after the entry of the judgment, and this 28-day deadline cannot be extended.

The Clerk shall **CLOSE THIS CASE** and enter judgment accordingly.

**IT IS SO ORDERED.**

**DATED: January 4, 2016**

s/ STACI M. YANDLE  
United States District Judge
